## Brownfield *versus* Brownfield.

1. Parol evidence is admissible to show the application of a description in a will to its subject.

2. A testator having devised to one of his sons the south side of his home-place, by a line of division, beginning, &c., and "thence supposed nearly an east course to a *post*, the corner of John Brownfield and my home-place." *Two* post-corners having existed, it was competent to show by deeds for adjoining lands, and other evidence, which corner was the one the testator meant to designate.

ERROR to the Common Pleas of *Fayette county*.

This was an ejectment by John Brownfield *v.* Isaac Brownfield, for about 30 acres of land in Union township, Fayette county.

. The dispute arose on the construction of the will of Thomas Brownfield. It was dated 3d September, 1814; proved 14th October, 1815. It provided as follows:

"I give and devise to my youngest son, Isaac Brownfield, and his male heirs, the south side of my home-place, by a line of division, as follows: beginning at the saw-mill race, four perches south of the dwelling-house near said saw-mill, and thence supposed nearly an east course to a post, the corner of John Brownfield and my home-place. And the other part of my home-place I give and devise to my eldest son, John Brownfield, and his male heirs, him yielding and paying to my son William Brownfield, $500. The above devises to take place at the decease of my wife Elizabeth, and Ann Brownfield."

See the former trial of this case reported in 2 *Jones* 136, &c.

GILMORE, J., *inter alia*, charged:—"The question to be deter-

[Brownfield *v.* Brownfield.]

mined is, where is the post corner described in the will as termi-
nating a line '*supposed nearly an east course to a post, the corner
of John Brownfield's and my home-place.*' If it is at F, then the
plaintiff is entitled to recover; if at H, then your verdict will be
for the defendant.   Evidence has been given of the existence of
two post corners, answering, in some respects, to the description
of the will, which, in the opinion of the Court, creates what is
called a latent ambiguity, and makes way for the introduction of
parol evidence to dissolve it.   Ever since Cheney's case, 5 *Co.* 68,
the law has been settled, that when there is a latent ambiguity,
arising *dehors* the will, as to the person or subject meant to be
described, parol evidence may be introduced to remove the doubt.

   " The home-place then contained 163 acres; and division, unless
restrained or explained by other expressions, imports equality.

   " The line which the defendant claims is 7¼ deg. north of an
east course, and the line which the plaintiff claims is 73 deg. south
of an east course, so that defendant's line is nearer an east
course than plaintiff's.   To combat this, the plaintiff introduces
another expression in the will, which is this: 'Beginning at the
saw-mill race, four perches south of the dwelling-house, near said
saw-mill.'   If the testator meant by this that the mill-race was
directly south of the house, he was mistaken.   It is 44½ deg. west
of south.   Now, if mistaken in the bearing of the race, it is argued
that he was most probably mistaken in respect to the bearing of
the eastern course.   We do not think there is much in this; but
you can take it for what it is worth.   We will now turn your
attention to the parol evidence, and all the evidence introduced on
each side, establishing the one or the other of these corners."   The
Court also directed the attention of the jury to the fact that in
the deed from Thomas Brownfield to his son John, dated in 1796,
the corner now claimed to by the plaintiff was called a *stone corner*.

   He also referred the jury to the patent to John Hopwood, dated
1st April, 1786, in which the corner is designated *as a post*.   Also
the several deeds from John to Moses Hopwood, and Moses to
John; in all of which this corner claimed by John Brownfield is
called *a post* corner.

   The Court then said to the jury, " The whole case is one to be
determined by you.   What line did the testator intend?   Was it
the one running to H, or F?   Did the testator, when he drew his
will in 1814, know the corner F to be a post-corner?   And if he
did, are you satisfied from the evidence that this was the corner
which he described or intended to designate in his will?   If you
are satisfied of this, the plaintiff will be entitled to recover.   If
not, the defendant will be entitled to your verdict."

   Verdict was rendered for the plaintiff.

   Error was assigned to the receipt of parol evidence to explain
the ambiguity in the will of Thomas Brownfield, viz., the patent
to John Hopwood, offered to show that the corner F, which was

[Brownfield *v.* Brownfield.]

on one of the lines in the said patent, was called a *post* corner on the line of Thomas Brownfield's patent, dated 1st April, 1786.

Also to the reception of the deed by John Hopwood to Moses Hopwood, and Moses to John; and also to a part of the deposition of Ann Brownfield, in which she stated that she saw the testator stake the division line up to the corner at Hopwood's land. It appeared that this was done *after* the will was made.

Error was also assigned to the charge. ·

*Deford*, for plaintiff in error.—He contended, *inter alia*, that the Court erred also in receiving in evidence the patent and draft of John Hopwood, and the deeds from John Hopwood to Moses, and from Moses Hopwood to John, as contained in the 3d and 4th errors assigned. For aught that appeared, the testator, Thomas Brownfield, had never seen those deeds, calling for a post corner at F. All the knowledge he had of this corner was as a "stone" corner. He run it when he made his deed of gift to John in 1796, in which the corner at F is called "stones." These deeds were therefore irrelevant, having no connection with the subject: 2 *Ser. & R.* 84; 10 *Ser. & R.* 1; 3 *Watts* 95.

The deposition of Ann Brownfield should not have been received. The declarations of the testator subsequent to the making of his will, cannot be given in evidence to affect any of its provisions: 2 *W. & Ser.* 455.

*Ewing* and *Fuller*, for defendant in error.—The plot of the John Hopwood tract, upon the survey-books of the county, and the patent issued thereon, and the two deeds for the same tract from John to Moses and from Moses back again to John, were properly admitted upon several grounds. First, to contradict a witness who testified that said patent called for a *stone corner* at F, and, afterwards, that it was so designated on the plot. It was therefore competent for us to show that, in both of them, it was denominated a *post corner.*

Again: Ann Brownfield stated that she saw the testator stake the division line up to the corner at *Hopwood's land;* and James Brownfield also says he told him it was to run "to a post corner at *Hopwood's line*" and "*to Hopwood's corner*," &c. The survey, patent, and deeds therefore were the most proper evidence to show that Hopwood had a tract of land adjoining to and cornering with Thomas Brownfield's land at F; and thus identify that corner with the one spoken of by the testator to these two witnesses.

The plaintiff in error also having proven by a witness that F was a stone corner, it was clearly competent to contradict him on that point by his own title papers, and especially by the deeds of

conveyance and re-conveyance executed by his father and himself, and to both of which he was a party.

These papers were competent evidence to prove the existence of a post, corner at F. In ejectments, warrants and surveys to third persons are evidence to prove boundaries: 3 *Wh.* 250, 263. So, too, a party may refer to such survey without the warrant, for the purpose of showing boundaries, abuttals, and landmarks: 5 *Watts* 348, Miller *v.* Keene. So, also, a general draft of adjoining lands certified from the Surveyor-General's office: and also, the field notes of the Deputy Surveyor; and this even to show title: 7 *W. & Ser.* 458, Payne *v.* Craft. Hearsay also admissible to prove corners and boundaries: 2 *Ser. & R.* 70, Hamilton *v.* Menor; 6 *Binn.* 59. And even *ex parte* depositions as to the reputation of the neighborhood: 2 *Yeates* 476-7. Or by way of corroboration.

The fifth error assigned is to the admission of that part of the deposition of Ann Brownfield relative to the staking off by the testator of the division line referred to in the will.

It was ruled in Hunt *v.* Devling, 8 *Watts* 403, "the act of a father in making a division line, *in anticipation* of a devise to his children, is competent evidence," and upon such devise being afterwards made, "it must be taken to have been predicated in reference to such boundary, though it be not expressly referred to in the will, and must consequently govern in preference to the *quantity* called for." With much greater reason, then, are such acts admissible if done *after* the making of the will, and in *express reference* to the line therein mentioned. Reference also made to 3 *Watts* 385, Vernor *v.* Henry; 2 *Jones* 136, this same case.

"Division," unless restrained or explained, imports equality: 2 *Barr* 137, Coates's Appeal; 9 *Barr* 130.

As to the competency of parol evidence to explain the latent ambiguity in the will, reference was made to Lord Cheney's case, 5 *Coke*, 68; 1 *Wm. Black.* 60, Jones *v.* Newman; 3 *Taunt.* 150 -2, Doe *v.* Oxenden; 2 *Dall.* 70, Powell *v.* Biddle; 3 *Watts* 391, Vernor *v.* Henry; 3 *Watts* 240, Wusthoff *v.* Dracourt; 9 *Barr* 329, Trustees *v.* Sturgeon; 11 *John.* 215-216; 1 *John. C. R.* 234; 3 *Stark. Ev.* 1028; *Rob'ts Wills* 14, &c., &c. But as no objection was made at the trial to its admission, "this Court will affirm the judgment of the Court below, although it be brought up with a bill of exceptions to the charge of the judge:" 5 *Wharton* 336, Powell *v.* Sedgwick.

The opinion of the Court was delivered, December 20, by

LOWRIE, J.—The correction of the paper-book has answered the objection to the competency of James Brownfield as a witness, and the only other exceptions to evidence or to the charge that will bear an argument may be classed together.

[Brownfield *v.* Brownfield.]

The testator, in dividing his plantation, describes the division line thus :—" thence supposed nearly an east course to a post, the corner of John Brownfield and my home-place." The duty of the jury was to fit this description to the land, and put the line upon the ground. In such a case we need not trouble ourselves with the doctrine of latent ambiguities; for it is a question merely of the application of a description to its subject, and this always requires parol evidence, or its equivalent, a view.

The parties dispute as to the post corner, and of course the truth can be ascertained only by learning all the facts and landmarks which can fairly be supposed to have been known to the testator, and to have influenced his mode of expressing his will. In other words, the jury are to have such information as will place their minds as nearly as possible within the relevant circumstances which surrounded the testator when he indited the expression which needs interpretation.

When he says the line runs nearly east, and one corner is found seven and a half degrees north, and another twenty-three degrees south of east, of course the jury would incline to the former. But circumstances cast a doubt upon such a conclusion, and it becomes necessary to scrutinize the indications in favor of the other easterly corners. And when there is evidence that one of them had been called a stone corner, how manifest is the pertinency of the evidence that there had been a post there with stones around it, and that in the survey, patent, and deeds of the adjoining owner it is called a post corner.

And the finding of the jury, that the post intended is that whereon his own land, and John's, and Hopwood's corner together, seems to accord well with the expression " a corner of John's and my home-place;" for three corners answer verbally to the description, and may be said to be "nearly an east course." Yet surely he meant a definite corner, and therefore it seems more probable that he was thinking of the only one where his place and John's and *Hopwood's* cornered together, than of some one of the three where his and John's *alone* corner together. True, the other two corners are more nearly in an east course, but the adoption of either of them would leave other important circumstances totally unaccounted for. We are of opinion that the cause was rightly tried.

Judgment affirmed.